United States District Court
Southern District of Texas
**ENTERED**
March 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT L BELL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-162 |
| | § | |
| RALPH  HANSON, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Robert Lynn Bell is in the custody of the federal Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 9, 2017.[1]  He claims that his sentence exceeds the statutory maximum sentence and violates his constitutional rights.  Respondent filed a motion to dismiss on October 16, 2017 to which Petitioner responded on October 25, 2017 (D.E. 19,  21).  As discussed more fully below, it is recommended that Respondent's motion be granted and Petitioner's cause of action for habeas relief be dismissed without prejudice for lack of jurisdiction.

---

[1] Although Petitioner did not state under penalty of perjury that he placed his petition in the prison mail system on May 9, 2017, he signed a statement on that day declaring that the information in the petition was true and correct.  Because he could not have filed it earlier than May 9, 2017, it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374 (1998), and Rule 3 of the Rules Governing Habeas Cases.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because Petitioner is incarcerated in the Southern District of Texas. *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). *See also Padilla v. United States*, 416 F.3d 424, 426 (2005)(custodial court has jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via savings clause of § 2255).

## BACKGROUND

On November 18, 1993, Petitioner pleaded guilty in the Dallas Division of the United States District Court for the Northern District of Texas to one count of carjacking, a violation of 18 U.S.C. § 2119. *United States v. Bell*, No. 3:93-CR-302-T-1 (N.D. Tex. 1996) at D.E. 26. [2]   He was sentenced pursuant to the United States Sentencing Guidelines to a term of 240 months, to be served consecutively to any other sentence he was serving, a five-year term of supervised release, restitution in the amount of $8,307.00, and a $50.00 special assessment. *Id.* at D.E. 38.  At the time Petitioner was sentenced on the federal charges, he was serving three concurrent fifty-year sentences following a state court conviction for aggravated kidnapping, aggravated robbery with a deadly weapon, and aggravated sexual assault with a deadly weapon.  The conduct on which the state court convictions were based was the same conduct on which the federal carjacking conviction was based. *United States v. Bell*, 46 F.3d 442 (5th Cir. 1995) (D.E. 19-1).

---

[2] References to Petitioner's underlying criminal case will be "*Bell*, 3:93-CR-302-T-1 at D.E. XX."  References to pleadings in the instant case will be simply "D.E. XX."

Petitioner appealed and the Fifth Circuit Court of Appeals affirmed his conviction, but remanded his case for resentencing. *Id.* at 447. On remand, the district court again sentenced Bell to 240 months imprisonment to be served consecutively to any other sentence he was serving, a five-year-term of supervised release, restitution, and a special assessment. *Bell*, 3:93-CR-302-T-1 at D.E. 55, 57 (D.E. 19-2).

Petitioner appealed and the Fifth Circuit affirmed the conviction and sentence on April 17, 1996. *United States v. Bell*, 85 F.3d 620 (5th Cir. 1996)(per curiam). Petitioner next filed a motion to vacate his sentence under 42 U.S.C. § 2255 on December 11, 1997 and it was denied on April 10, 1998. *Bell*, 3:93-CR-302-T-1 at D.E. 72.

Petitioner filed a second § 2255 motion on June 16, 2016. *Id.* at D.E. 74 and the case was opened as a habeas corpus petition. *Bell v. United States*, No. 3:16-CV-01624-G-BF (N.D. Tex. 2016). The trial court found that the petition was successive and transferred it to the Fifth Circuit for an order authorizing the district court to hear it pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Fifth Circuit dismissed the case because Petitioner failed to comply with the court's instructions. *In re Bell*, No. 16-11091 (5th Cir. 2016) (D.E. 19-5).

Petitioner filed the instant habeas petition on May 9, 2017 and argues that his sentence violates his right to due process because it exceeds the statutory maximum sentence. He further argues that a § 2255 motion would be inadequate or ineffective to test the legality of his conviction and that accordingly, he is entitled to bring it as a § 2241 petition. Respondent counters that because Petitioner is challenging the sentence in

his case, he must bring his cause of action as a § 2255 motion in the sentencing court, and

that this court does not have jurisdiction to hear the claim.

## APPLICABLE LAW

### A.  28 U.S.C. §§ 2241 and 2255

A § 2255 motion provides the primary means of collateral attack on a federal

sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Relief under § 2255 is

warranted for errors cognizable on collateral review that occurred at or prior to

sentencing. *Id.*  A § 2255 motion must be filed in the sentencing court. *Id.*  A § 2241

motion typically is used to challenge the manner in which a sentence is executed. *Reyes-*

*Requena v. United* States, 243 F.3d 893, 900 (5th Cir. 2001).  A § 2241 petition that

seeks to challenge the validity of a federal sentence must either be dismissed or construed

as a § 2255 motion. *Pack*, 218 F.3d at 452.

Under some circumstances, a petitioner may bring a claim under § 2241 pursuant

to the savings clause of § 2255.  A petitioner can invoke the savings clause by showing

that § 2255 is inadequate or ineffective to test the legality of his conviction. *Tolliver v.*

*Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam).  The savings clause provides as

follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, *unless it*
> *also appears that the remedy by motion is inadequate or ineffective to test the*
> *legality of his detention.*

28 U.S.C. § 2255(e)(emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

*Reyes-Requena,* 243 F.3d at 904 (italics in original)(citing *Pack*, 218 F.3d at 452).

Section 2241 is not a mere substitute for § 2255 and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Id.* at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. *Pack*, 218 F.3d at 452-453.[3] Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. *Id.* at 453. Petitioner argues that he is entitled to bring

---

[3] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

this action via a § 2241 petition pursuant to the savings clause of § 2255 because it is the only means by which he can raise his argument regarding his sentence enhancement.

### B.  Use of Prior Convictions for Sentence Enhancement

Petitioner was sentenced as a career offender in 1994 under U.S.S.G. § 4B1.1, based on the offense of carjacking and two prior state court convictions, one for burglary in violation of Texas Penal Code § 30.02(a) and one for delivery of a controlled substance violation of Texas Health and Safety Code § 481.112(a).  His guideline range was 210 to 262 months and he was sentenced to 240 months.  At the time Petitioner was sentenced, the sentencing guidelines were mandatory.  In 2005, the Supreme Court held that the sentencing guidelines violated the Sixth Amendment and in a separate opinion rendered the Guidelines advisory rather than mandatory.  *United States v. Booker*, 543 U.S. 220, 226-227, 245 (2005).

When Petitioner was sentenced, the Guidelines in effect at that time stated that a person was a career offender if he (1) was at least eighteen years old at the time of the instant offense, (2) the instant offense was either a crime of violence or a controlled substance offense, and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1  "Crime of violence" was defined as any federal or state offense punishable by imprisonment by a term exceeding one year that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

6 / 15

U.S.S.G. § 4B1.2(1)(ii)(emphasis added).  The italicized portion of the statute came to be known as the residual clause. "Controlled substance offense" was defined as an offense under federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense.  U.S.S.G. § 4B1.2(2).

In *Mathis v. United States*, 136 S.Ct. 2243 (2016), the Supreme Court examined the use of prior convictions to enhance sentences under the Armed Career Criminal Act 1984, 18 U.S.C. § 924(e) (ACCA).  The Court first noted that its decisions have held that a prior crime qualifies as an ACCA predicate if, but only if, the elements are the same as, or more narrow than, those of the offense as commonly understood, i.e., the generic offense.  The issue in *Mathis* was whether the ACCA made an exception to that rule when a defendant was convicted under a statute that lists multiple, alternative means of satisfying one or more of its elements.  *Id.* at 2247-2248.

In determining whether a prior conviction is included within an offense defined or enumerated in the federal sentencing guidelines, courts generally have looked only to the elements of the prior offense and not to the actual conduct of the defendant in committing the offense, which is known as the categorical approach.  *Id.* at 2248.  However, if a statute is divisible, i.e., if it sets out one or more elements of the offense in the alternative, a court may use the modified categorical approach, and consult a limited class of documents, such as indictments, or jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.  *Id.* at 2249 (citing *Shepard v.*

*United States*, 544 U.S. 13, 26 (2005) and *Taylor v. United States*, 495 U.S. 575, 602 (1990)).  The *Mathis* case involved a different kind of alternatively phrased statute that did not list multiple elements disjunctively, but rather enumerated various factual means of committing a single element.   *Id.* (citing *Schad v. Arizona*, 501 U.S. 624, 636 (1991)(plurality opinion)).

> The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means.  If they are elements, the court should do what we have previously approved:  review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. . . .  But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.  Given ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match.

*Mathis*, 136 S.Ct. at 2256 (emphasis added).

The Court looked at an Iowa burglary statute that was used to enhance a federal sentence.  The generic burglary statute required unlawful entry into a "building or other structure."  *Mathis*, 136 S.Ct. at 2250 (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)).  The Iowa burglary statute described entry into additional places:  any building, structure, *[or] land, water, or air vehicle.*"   *Id.* (citing Iowa Code § 702.12 (2013))(emphasis added in *Mathis*).

The Court next looked at Iowa court decisions discussing the burglary statute and found that the Iowa State Supreme Court held that the burglary statute set out alternative methods of committing the single offense of burglary.  *Id.* (citing *State v. Duncan*, 312 N.W. 519, 523 (Iowa 1981) and *State v. Rooney*, 862 N.W. 2d 367, 376 (Iowa 2015)).

The Court determined that "[T]he statute defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (i.e., buildings and other structures, but not vehicles) satisfy the generic definition." *Id.* The Court concluded that because the elements of the Iowa burglary statute were more broad than those of generic burglary, the conviction under the law could not be considered for enhancement purposes under the ACCA. *Id.* at 2257.

## **DISCUSSION**

### A. **Petitioner's Claims Based on *Mathis* Analysis**

Plaintiff asserts that under relevant case law, neither of his prior offenses qualifies as a predicate offense and should not have been used to enhance his federal sentence for carjacking. He claims that had the predicate offenses not been taken into consideration, his sentencing range would have been 188 to 235 months. Petitioner further argues that he can bring this cause of action under § 2241 because § 2255 is inadequate or ineffective to bring this challenge. As discussed above, to fall under the savings clause, Petitioner's claim must be based on a retroactively applicable Supreme Court decision that establishes that the petitioner may have been convicted of a nonexistent offense and the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Petitioner argues that his controlled substance conviction is not a proper predicate offense, citing *United States v. Hinkle*, 832 F.3d 569, 576-577 (5th Cir. 2016). *Hinkle* was a case on direct review where the Fifth Circuit applied *Mathis* to decide whether a

conviction under Texas Health and Safety Code § 481.112(a) could be considered a "controlled substance offense" for the purpose of enhancing a sentence under the Career Offender Guideline provision found at U.S.S.G. § 4B1.1. The court analyzed the sentencing guideline provision together with the controlled substance statute and looked at how Texas courts have construed the controlled substance statute. The court determined that the statute's listed methods of delivery, including offering to sell a controlled substance, are alternative ways of satisfying the element of "delivery," rather than alternative elements of separate crimes. *Hinkle*, 832 F.3d at 575-576 (citing *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003)). Because "offering to sell" is not part of the definition of "controlled substance offense" in the guidelines, the Fifth Circuit concluded that the state statute "'criminalized a greater swath of conduct than the elements of the relevant [Guidelines] offense.'" *Id.* at 576 (quoting *Mathis*, 136 S.Ct. at 2251). Thus, it could not serve as a predicate offense under the Career Offender Guideline provision.

However, Petitioner cannot rely on *Hinkle* to bring a § 2241 claim because a petitioner can avail himself of the savings clause under § 2255 only when his claim is based on a retroactively applicable Supreme Court decision and meets the other criteria. *Hinkle* is not a Supreme Court decision and therefore does not provide a basis for Petitioner to use the savings clause.

Nor can this Court proceed with an independent analysis under *Mathis*, because *Mathis* did not set forth a new rule of constitutional law and has not been made retroactively applicable on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir.

10 / 15

2016)(*per curiam*); *Jones v. United States*, Nos. A-17-CA-353-SS, A-08-CR-247-SS, 2017 WL 2365255 at *2 (W.D. Tex, May 30, 2017)(multiple courts in Fifth Circuit have noted that *Mathis* did not set out a new rule of constitutional law made retroactive to cases on collateral review);  *Getachew v. Harmon*, No. 3:17-CV-224-D-BN, 2017 WL 2348834 (N.D. Tex, March 27, 2017)(*Mathis* did not announce a new rule and courts applying *Mathis* have reached same conclusion).

With regard to Petitioner's predicate conviction for burglary, the Fifth Circuit in an *en banc* decision recently applied the *Mathis* analysis to the Texas burglary statute and found that it cannot serve as a sentence enhancement under the ACCA.  *United States v. Herrold*, 883 F.3d 517 (2018)(overruling *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016)).  However, as discussed above, because *Herrold* is not a Supreme Court decision, it cannot form the basis of a § 2241 petition.

### B.  Petitioner's Claims Based on *Johnson*

Petitioner also argues that had he been sentenced under the ACCA instead of the sentencing guidelines, he would be entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015).  He then argues that because the language in the ACCA and the sentencing guidelines is identical, it is a violation of his constitutional rights to not apply *Johnson* to his situation.

*Johnson* held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.  Petitioner's argument that his sentence is subject to review under *Johnson* is unavailing for several reasons.  First, while the language of the ACCA and the sentencing guidelines was identical, Petitioner was not sentenced under the

residual clause of the guidelines, but rather under the "enumerated offenses" clause of the "crime of violence" definition of the guidelines that made burglary a predicate offense and also under the controlled substances predicate offense. The *Johnson* decision does not address the enumerated offenses or the remainder of the ACCA's definition of a violent felony. *Id.* at 2563.

Second, Petitioner was not sentenced under the ACCA and the Supreme Court held in *Beckles v. United States*, 137 S.Ct. 886 (2017), that the holding in *Johnson* did not apply to petitioners sentenced under the sentencing guidelines. The Court reasoned that because the guidelines were not mandatory after *Booker*, they were not subject to a vagueness challenge under the Due Process Clause. *Beckles*, 137 S.Ct. at 890.

Petitioner points out that the Court in *Beckles* looked at the post-*Booker* non-mandatory guidelines and that at the time Petitioner was sentenced, the guidelines were mandatory and had the force of law. He then cites a Sixth Circuit case, *Hill v. Masters*, 836 F.3d 591, 559-560 (6th Cir. 2016), where a petitioner who was sentenced under mandatory guidelines was allowed to bring a claim pursuant to § 2241 because he was foreclosed from bringing a successive § 2255 petition. The court in *Hill* reasoned that pre-*Booker* guidelines had the force and effect of law, the petitioner was barred from filing a successive § 2255 petition, and he had received the enhancement based on a prior conviction that a subsequent, retroactive change in Supreme Court jurisprudence had revealed was not a predicate offense. *Hill*, 836 F.3d at 559-560.

However, *Hill* does not help Petitioner because there is a split in the circuit courts with regard to whether a petitioner can bring a § 2241 cause of action to challenge a

sentence enhancement.  In addition to the Sixth Circuit, the Seventh Circuit has found that a petitioner can bring a § 2241 petition via the § 2255 savings clause in some situations.  *See Brown v. Caraway*, 719 F.3d 583, 587-588 (7th Cir. 2013)(petitioner may utilize the savings clause to challenge misapplication of career offender guideline when he was sentenced in pre-*Booker* era).  But the Fifth Circuit has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and therefore is not the type of claim that warrants review under § 2241.  *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011)(citing *Kinder*, 222 F.3d at 213-214).  *See also Kelley v. Castaneda*, 711 Fed.Appx 243 (5th Cir. 2018) ("We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255); and *Logan v. Warden Fed. Correctional Complex Beaumont*, 644 Fed. Appx. 280 (5th Cir. 2016)(per curiam) (claim that challenges only the validity of a sentence fails to establish Petitioner was convicted of a non-existent offense as required by *Reyes-Requena*).[4]   This Court must follow Fifth Circuit precedent and current law does not provide Petitioner the ability to file a § 2241 petition to challenge a sentence enhancement.

### C.  Petitioner's Remaining Claim

In his response to the motion to dismiss, Petitioner appears to argue that the sentencing court's departure from the guidelines was unreasonable (D.E. 21 at pp. 3-4).

---

[4] In addition, the Fourth, Ninth, and Eleventh Circuits do not, at this time, allow challenges to sentence enhancements to be heard via the savings clause.  *See United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015)(*reh'g en banc granted* (Dec. 2, 2015); *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), and *Gilbert v. United States*, 640 F.3d 1293 (9th Cir. 2013).

Not only was this claim raised for the first time in Petitioner's response, it is a challenge to the sentence in his case and not based on any subsequent changes in the law. This Court is without jurisdiction to hear this claim and it should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 19) be GRANTED. Petitioner's habeas corpus cause of action brought pursuant to 28 U.S.C. § 2241 should be DISMISSED without prejudice because this Court lacks jurisdiction to hear it. If Petitioner wishes to proceed, he may return to the Fifth Circuit and seek permission to file a successive § 2255 petition.

Respectfully submitted this 30th day of March, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).