United States District Court
Southern District of Texas
**ENTERED**
July 16, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT L BELL, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:17-CV-00162 |
| § | |
| RALPH HANSON, § | |
| § | |
| Respondent. § | |

## ORDER

Before the Court is the March 30, 2018, Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred, Dkt. No. 22, and Petitioner's April 12, 2018, objection to the M&R, Dkt. No. 23. The Court **DECLINES** to adopt the M&R's conclusion that *Johnson v. United States*, 135 S.Ct. 2551 (2015) does not apply to Petitioner's petition because Petitioner was sentenced under the "enumerated offenses" clause of U.S.S.G. § 4B1.1. Dkt. No. 22 at 11–12. The Court **ADOPTS** the M&R in all other respects. *Id.* The Court further **OVERRULES** Petitioner's objection. Dkt. No. 23.

On May 9, 2017, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Petitioner was sentenced to 240 months imprisonment for carjacking by the Northern District of Texas on February 24, 1994. *See* Dkt. No. 22 at 2 (discussing case background and procedural history); *United States v. Bell*, 3:93-CR-302-1 (N.D. Tex. filed Sept. 8, 1993) (Feb. 24, 1994, minute entry describing sentence). Petitioner claims in part that the sentencing court improperly used Petitioner's prior state burglary and controlled substance offenses to find that he is a career offender and enhance his federal sentence accordingly.[1] Dkt. No. 8. Petitioner relies primarily on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Johnson*. The Court considers Petitioner's argument.

---

[1] The M&R details the case background and procedural history in greater detail. Dkt. No. 22.

## A. *Hinkle* & *Mathis*

The M&R summarizes and correctly analyzes *Hinkle*'s and *Mathis*'s application to Petitioner's petition:

> Petitioner argues that his controlled substance conviction is not a proper predicate offense, citing *United States v. Hinkle*, 832 F.3d 569, 576–577 (5th Cir. 2016). *Hinkle* was a case on direct review where the Fifth Circuit applied *Mathis* to decide whether a conviction under Texas Health and Safety Code § 481.112(a) could be considered a "controlled substance offense" for the purpose of enhancing a sentence under the Career Offender Guideline provision found at U.S.S.G. § 4B1.1. The court analyzed the sentencing guideline provision together with the controlled substance statute and looked at how Texas courts have construed the controlled substance statute. The court determined that the statute's listed methods of delivery, including offering to sell a controlled substance, are alternative ways of satisfying the element of "delivery," rather than alternative elements of separate crimes. *Hinkle*, 832 F.3d at 575–576 (citing *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003)). Because "offering to sell" is not part of the definition of "controlled substance offense" in the guidelines, the Fifth Circuit concluded that the state statute " 'criminalized a greater swath of the relevant [Guidelines] offense.' " *Id.* at 576 (quoting *Mathis* 136 S.Ct. at 2251). Thus, it could not serve as a predicate offense under the Career Offender Guideline provision.
>
> However, Petitioner cannot rely on *Hinkle* to bring a § 2241 claim because a petitioner can avail himself of the savings clause under § 2255 only when his claim is based on a retroactively applicable Supreme Court decision and meets the other criteria.[2] *Hinkle* is not a Supreme Court decision and therefore does not provide a basis for Petitioner to use the savings clause.

---

[2] The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "A petitioner must satisfy a two-prong test before the saving clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241." Dkt. No. 22 at 5. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the

Nor can this Court proceed with an independent analysis under *Mathis*, because *Mathis* did not set forth a new constitutional law and has not been made retroactively applicable on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (*per curiam*); *Jones v. United States*, Nos. A-17-CA-353-SS, A-08-CR-247-SS, 2017 WL 2365255 at *2 (W.D. Tex., May 30, 2017) (multiple courts in Fifth Circuit have noted that *Mathis* did not set out a new rule of constitutional law made retroactive to cases on collateral review); *Getachew v. Harmon*, No. 3:17-CV-244-D-BN, 2017 WL 2348834 (N.D. Tex., March 27, 2017 (*Mathis* did not announce a new rule and courts applying *Mathis* have reached the same conclusion).

With regard to Petitioner's predicate conviction for burglary, the Fifth Circuit in an *en banc* decision recently applied the *Mathis* analysis to the Texas burglary statute and found that it cannot serve as a sentence enhancement under the [Armed Career Criminal Act of 1984 ("ACCA")]. *United States v. Herrold*, 883 F.3d 517 (2018) (overruling *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016)). However, as discussed above, because *Herrold* is not a Supreme Court decision, it cannot form the basis of a § 2241 petition.

Dkt. No. 22 at 9–11.

For the aforementioned reasons, Petitioner's petition fails insofar as it is brought in reliance on *Hinkle* or *Mathis*.

## B.   *Johnson*

The M&R concludes that *Johnson* does not apply to Petitioner's petition for several reasons, including that Petitioner was sentenced under the "enumerated offenses" clause of U.S.S.G. § 4B1.2(1) as to his burglary conviction. Dkt. No. 22 at 11–12. The Court **DECLINES** to adopt the M&R's finding that Petitioner was sentenced under the "enumerated offenses" clause of U.S.S.G. § 4B1.2(1). Parties' filings do not make clear whether Petitioner was sentenced under the "enumerated offenses" clause or the "residual clause" of U.S.S.G. § 4B1.2(1).[3] Instead, the Court

---

> petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

*Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[3] The version of U.S.S.G. § 4B1.2(1) in effect at the time of Petitioner's sentencing states:

> The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that –
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

**FINDS** that the sentencing court relied on the "Career Criminal" Section of the sentencing guidelines rather than the ACCA.[4] *See* Dkt. No. 25-1 at 5 ("Chapter Four Enhancements: Career Criminal Provisions: In accordance with the provisions found in U.S.S.G. § 4B1.1, a defendant is a career offender if . . . ."). After a de novo review, the Court **ADOPTS** the M&R in all other respects, including the M&R's conclusion that *Johnson* does not apply to petitioners sentenced under the sentencing guidelines. The M&R explains:

> Petitioner also argues that had he been sentenced under the ACCA instead of the sentencing guidelines, he would be entitled to relief under *Johnson* . . . . He then argues that because the language in the ACCA and the sentencing guidelines is identical, it is a violation of his constitutional rights to not apply *Johnson* to his situation.
>
> *Johnson* held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner's argument that his sentence is subject to review under *Johnson* is unavailing . . . .
>
> Petitioner was not sentenced under the ACCA and the Supreme Court held in *Beckles v. United States*, 137 S.Ct. 886 (2017), that the holding in *Johnson* did not apply to petitioners sentenced under the sentencing guidelines. The Court reasoned that because the guidelines were not mandatory after [*United States v.*] *Booker* [543 U.S. 220 (2005)], they were not subject to a vagueness challenge under the Due Process Clause. *Beckles*, 137 S.Ct. at 890.
>
> Petitioner points out that the Court in *Beckles* looked at the post-*Booker* non-mandatory guidelines and that at the time Petitioner was sentenced, the guidelines were mandatory and had the force of law. He then cites a Sixth Circuit case, *Hill v. Masters*, 836 F.3d 591, 559–560 (6th Cir. 2016), where a petitioner who was sentenced under mandatory guidelines was allowed to bring a claim pursuant to § 2241 because he was foreclosed from bringing a successive § 2255 petition, and he had received the enhancement based on a prior conviction that a subsequent, retroactive change in Supreme Court jurisprudence had revealed was not a predicate offense. *Hill*, 836 F.3d at 559–560.
>
> However, *Hill* does not help Petitioner because there is a split in circuit courts with regard to whether a petitioner can bring a § 2241 cause of action to challenge a sentence enhancement. In addition to the Sixth Circuit, the

---

U.S.S.G. § 4B1.2(1) (Nov. 1, 1993) (emphasis added). The residual clause is italicized. *See Johnson*, 135 S.Ct. at 2256.

[4] Respondent's July 13, 2018, supplement to his October 16, 2017, motion to dismiss includes the pre-sentence investigation report and the addendum to the report on which the sentencing court relied. Dkt. Nos. 25 & 25-1.

> Seventh Circuit has found that a petitioner can bring a § 2241 petition via the § 2255 savings clause in some situations. *See Brown v. Caraway*, 719 F.3d 583, 587–588 (7th Cir. 2013) (petitioner may utilize the savings clause to challenge misapplication of career offender guideline when he was sentenced in pre-*Booker* era). But the Fifth Circuit has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and therefore is not the type of claim that warrants review under § 2241. *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) [(citation omitted);] [s]*ee also Kelley v. Castaneda*, 711 Fed. Appx. 243 (5th Cir. 2018) ("We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255); *Logan v. Warden Fed. Correctional Complex Beaumont*, 644 Fed. Appx. 280 (5th Cir. 2016) (*per curiam*) (claim that challenges only the validity of a sentence fails to establish Petitioner was convicted of a non-existent offense as required by *Reyes-Requena*). This Court must follow Fifth Circuit precedent and current law does not provide Petitioner the ability to file a § 2241 petition to challenge a sentence enhancement.

Dkt. No. 22 at 11–13.

For the aforementioned reasons, Petitioner's petition fails insofar as it is brought in reliance on *Johnson*.

### C. Petitioner's Objection

The Court reviews objected-to portions of the Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). Petitioner's objection is frivolous, conclusory, general, or contains no arguments that the M&R has not already considered. *See* Dkt. Nos. 22 & 23; *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987) (determining that a district court need not consider frivolous, conclusive, or general objections). After independently reviewing the record and considering the applicable law, the Court **OVERRULES** Petitioner's objection. Dkt. No. 23.

### D. Conclusion

In conclusion, the Court:

- **DECLINES** to adopt the M&R's conclusion that *Johnson* does not apply to Petitioner's petition because Petitioner was sentenced under the "enumerated offenses" clause of U.S.S.G. § 4B1.1. Dkt. No. 22 at 11–12;
- **ADOPTS** the M&R in all other respects, *id.*;

- **OVERRULES** Petitioner's objection, Dkt. No. 23;
- **GRANTS** Respondent's motion to dismiss, Dkt. No. 19; and
- **DISMISSES** this action.

The Court will direct entry of Final Judgement separately.

SIGNED this 16th day of July, 2018.

_____
Hilda Tagle
Senior United States District Judge